# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and WILD FISH CONSERVANCY,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL MARINE FISHERIES SERVICE; BARRY THOM, Regional Administrator of National Marine Fisheries Service West Coast Region; and WILBUR ROSS, Secretary of Commerce,<br><br>Defendants. | Case No. 2:19-cv-00487-MJP<br><br>PLAINTIFFS' STATEMENT OF NON-OPPOSITION TO MOTION TO INTERVENE OF THE PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS AND COASTAL TROLLERS ASSOCIATION<br><br>NOTE ON MOTION CALENDAR: June 14, 2019 |

Plaintiffs Center for Biological Diversity and Wild Fish Conservancy submit this Non-Opposition to the Motion to Intervene submitted on May 29, 2019 by Pacific Coast Federation of Fishermen's Associations (PCFFA) and Coastal Trollers Association (CTA) (jointly "Proposed Intervenors") in the-above captioned case. Dkt. No. 15. However, Plaintiffs respectfully request that if the Court grants the motion, it apply reasonable conditions on Proposed Intervenors' participation. Specifically, Plaintiffs request that the Court: (1) require Proposed Intervenors to

PLAINTIFFS' STATEMENT OF NON-OPPOSITION
TO MOTION TO INTERVENE
Case No. 2:19-CV-00487-MJP                    1

Center for Biological Diversity
2400 NW 80th St. #146
Seattle, WA 98117
(206) 327-2344

abide by the existing scheduling dates issued in this case; (2) limit Proposed Intervenors to only filing motions joined by the federal Defendants; (3) request that Proposed Intervenors work with the federal Defendants to avoid duplicative briefing; and (4) prohibit any independent discovery by Proposed Intervenors in this case.

Proposed Intervenors PCFFA and CTA have generally indicated that these conditions would be acceptable to them. Dkt. No. 15 at 6 ("Applicants will abide by the briefing schedule set by this Court and do not anticipate seeking any independent discovery. Nor do Applicants anticipate inserting any new causes of action or new issues that would unduly delay relief."). These limitations would conserve judicial resources by reducing the potential for redundancy and facilitate the expeditious resolution of this case.

Placing conditions on the participation of intervenors for reasons of judicial efficiency is "a firmly established principle" in federal courts. *Beauregard, Inc. v. Sword Servs., LLC*, 107 F.3d 351, 353 (5th Cir. 1997). This principle applies whether an intervenor is granted intervention of right under Rule 24(a) or permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure.

As the Supreme Court has acknowledged and the Advisory Committee Note for Rule 24 states, "intervention of right under the amended rule [24(a)] may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings." *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 383 n.2 (1987) (Brennan, J., concurring) (quoting Fed. R. Civ. Pro. 24, 1966 Advisory Committee Note); *see also Fund for Animals v. Norton*, 322 F.3d 728, 737 n.11 (D.C. Cir. 2003) (citing the Advisory Committee Note to support district court's authority to limit participation of intervenor

PLAINTIFFS' STATEMENT OF NON-OPPOSITION
TO MOTION TO INTERVENE
Case No. 2:19-CV-00487-MJP                2

Center for Biological Diversity
2400 NW 80th St. #146
Seattle, WA 98117
(206) 327-2344

of right); *Picayune Rancheria of Chukchansi v. Rabobank*, No. 13-cv-609-LJO-MJS, 2013 U.S. Dist. LEXIS 82115, at *15 (E.D. Cal. June 11, 2013) ("courts may impose reasonable limitations on the participation of intervenors to ensure the efficient adjudication of the litigation").

Similarly, the Court has broad discretion to place limits on permissive intervention. *Ctr. for Biological Diversity v. Brennan*, 571 F. Supp. 2d 1105, 1130 (N.D. Cal. 2007) (citing *San Jose Mercury News v. U.S. Dist. Court-N. Dist.*, 187 F.3d 1096, 1100 (9th Cir. 1999)); *see also Dep't of Fair Empl. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 741 (9th Cir. 2011). This is particularly true where parties have similar interests and the conditions are adopted to promote judicial efficiency. *Beauregard*, 107 F.3d at 352-53; *see also Wildearth Guardians v. Salazar*, 272 F.R.D. 4, 20 (D.D.C. 2010) ("In the end, the primary limitation on the district court's discretion is that any conditions imposed [on intervention] should be designed to ensure the fair, efficacious, and prompt resolution of the litigation").

Here, PCFFA and CTA both propose to enter this case for one primary purpose: to participate in the shaping of any remedial measures that this Court may order as relief. They specifically focus on the relief requested by Plaintiffs for "additional mitigation measures to reduce the risk of insufficient prey abundance and availability for Southern Resident killer whales," which they interpret to equate to "restrictions on the west coast commercial salmon harvest." Dkt. No. 15 at 2, 3. They note that "[t]he additional mitigation measures Plaintiffs ask the court to impose will have a significant economic impact on the Applicants." *Id.* at 3.

In *Trident Seafoods Corp. v. Bryson*, seafood processing companies challenged an amendment to a management plan for rockfish fisheries off Alaska under the Magnuson-Stevens Fishery Conservation and Management Act and the National Environmental Policy Act. No. 12-

PLAINTIFFS' STATEMENT OF NON-OPPOSITION
TO MOTION TO INTERVENE
Case No. 2:19-CV-00487-MJP                    3

Center for Biological Diversity
2400 NW 80th St. #146
Seattle, WA 98117
(206) 327-2344

00134-MJP, 2012 U.S. Dist. LEXIS 71923 (W.D. Wash. May 22, 2012), at *2, 4-5. This Court granted a motion to intervene by a fishermen's association and "catcher vessels" that catch and deliver fish to the processors but limited their participation to the remedy stage of the case. The Court found that "[w]hile the Catchers have a protectable interest in maintaining their current harvest quota share, their interest in maintaining quota shares is not related to the merits." *Id.* at *15–16.

In this case, Proposed Intervenors' interests are similarly limited to remedy. Accordingly, Plaintiffs' requested conditions will allow Proposed Intervenors PCFFA and CTA to participate in this case while not burdening the Court or the parties with excessive motions and briefing or delay of the efficient resolution of this case.

Therefore, should the Court grant PCFFA and CTA's Motion to Intervene, Plaintiffs respectfully request that the Court adopt the conditions listed above.

Respectfully submitted June 10, 2019,

By: */s/ Julie Teel Simmonds*
Admitted *Pro Hac Vice*

Julie Teel Simmonds (CO Bar No. 32822)
CENTER FOR BIOLOGICAL DIVERSITY
1536 Wynkoop St., Ste. 421
Denver, CO 80202
Phone: (619) 990-2999
jteelsimmonds@biologicaldiversity.org

*/s/Sarah Uhlemann*
Sarah Uhlemann (WA Bar No. 41164)
CENTER FOR BIOLOGICAL DIVERSITY
2400 NW 80th Street, #146
Seattle, WA 98117
Phone: (206) 327-2344

PLAINTIFFS' STATEMENT OF NON-OPPOSITION
TO MOTION TO INTERVENE
Case No. 2:19-CV-00487-MJP          4

Center for Biological Diversity
2400 NW 80th St. #146
Seattle, WA 98117
(206) 327-2344

suhlemann@biologicaldiversity.org

*Attorneys for Plaintiff*

PLAINTIFFS' STATEMENT OF NON-OPPOSITION
TO MOTION TO INTERVENE
Case No. 2:19-CV-00487-MJP          5

Center for Biological Diversity
2400 NW 80th St. #146
Seattle, WA 98117
(206) 327-2344

**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2019, I electronically filed the foregoing PLAINTIFFS' STATEMENT OF NON-OPPOSITION TO MOTION TO INTERVENE OF THE PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS AND COASTAL TROLLERS ASSOCIATION along with the PROPOSED ORDER with the Clerk of the Court using the CM/ECF system, which will automatically serve the documents upon counsel of record.

*/s/ Julie Teel Simmonds*
Admitted *Pro Hac Vice*
Julie Teel Simmonds (CO Bar No. 32822)
CENTER FOR BIOLOGICAL DIVERSITY
1536 Wynkoop St., Ste. 421
Denver, CO 80202
Phone: (619) 990-2999
jteelsimmonds@biologicaldiversity.org

PLAINTIFFS' STATEMENT OF NON-OPPOSITION
TO MOTION TO INTERVENE
Case No. 2:19-CV-00487-MJP             6

Center for Biological Diversity
2400 NW 80th St. #146
Seattle, WA 98117
(206) 327-2344