UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and WILD FISH CONSERVANCY,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL MARINE FISHERIES SERVICE; BARRY THOM, Regional Administrator of National Marine Fisheries Service West Coast Region; and WILBUR ROSS, Secretary of Commerce,<br><br>Defendant. | CASE NO. C19-487 MJP<br><br>ORDER GRANTING MOTION TO INTERVENE BY PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS AND COASTAL TROLLERS ASSOCIATION |

THIS MATTER comes before the Court on Pacific Coast Federation of Fishermen's Associations' ("PCFFA's") and Coastal Trollers Association's ("CTA's") Motion to Intervene (Dkt. No. 15). Having reviewed the Motion, the Response (Dkt. No. 21), the Reply (Dkt. No. 22), and the related record, the Court GRANTS the Motion.

Federal Rule of Civil Procedure 24 provides for both intervention as a matter of right and permissive intervention. Under Rule 24(a), a party may intervene as a matter of right if a federal statute gives it an unconditional right to intervene, or if the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Under Rule 24(b), a party may intervene if its claim or defense shares a common question of law or fact with the underlying action and intervention will not unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b).

PCFFA and CTA assert they are entitled to intervene under either provision. (Dkt. No. 15 at 1-2.) Plaintiffs respond that they do not object to intervention, so long as several conditions are met: Proposed Intervenors must (1) abide by the existing scheduling dates issued in this case; (2) only file motions joined by the federal Defendants; (3) work with the federal Defendants to avoid duplicative briefing; and (4) conduct no independent discovery. (Dkt. No. 21 at 1-2.) PCFFA and CTA agree to the first and third conditions—they will abide by the existing scheduling dates and work with the federal Defendants to avoid duplicative briefing— but object to the second and fourth conditions, arguing that these conditions would require them to advocate only for positions identical to those of the federal Defendants. (Dkt. No. 22 at 2.) The Court agrees. PCFFA and CTA have demonstrated they are entitled to intervene under Rule 24(a) because the existing parties do not adequately represent their interests; denying them the opportunity to present their arguments or conduct the discovery necessary to support those arguments would undermine the very purpose of intervention. Fed. R. Civ. P. 24(a).

1 | Accordingly, the Court GRANTS the Motion to Intervene pursuant to the following
2 | conditions:

    (1) PCFFA and CTA will abide by the existing scheduling dates issued in this case; and

    (2) will work with the federal Defendants to avoid duplication by holding a meet and confer conference before filing any briefs or conducting any discovery.

The clerk is ordered to provide copies of this order to all counsel.

Dated June 25, 2019.

                                  Marsha J. Pechman
                                  United States District Judge